3-170-581 Northern Illinois Gas Company v. Eccles at Scott Ridges v. Stoneway and Waterton Coming out by Christopher Henske Good morning. Good morning. You know, Kim, I'm sort of puzzled by this. You know, after this appeal was filed, lawsuits were filed against NICOR based upon this incident. Yes, Your Honor. And so a third party complained for contribution to this file. That's correct. And those documents are contained in the supplemental record, yes. So isn't something moot? Well, um... So there could be discovery in the other lawsuit. I absolutely agree. So what are we doing? I will be very, very brief, Your Honor. The only reason why we filed the documents as a supplemental record and not as a motion to dismiss, as non-justiciable, et cetera, is because we obtained a courtesy copy. I think what we identified in our motion to supplement the record was that we had obtained a courtesy copy of a third party complaint that had been filed on April 20th. My client has not been served yet. And so I'm not suggesting they're not going to be served. But I totally agree. I mean, I think we're going to be served. All these are big companies. It's not like somebody can hide someplace. I absolutely agree. Illinois American Water Company has been named as a third party defendant in litigation in Cook County. I have no reason to believe that NICOR won't efficiently move to serve process on Illinois American Water Company. And then we will be at issue in the circuit court of Cook County, and NICOR will have at its disposal at that time all the regular rules of discovery. I absolutely agree. And again, the only reason I didn't immediately file a motion to dismiss is because we hadn't been served. And so from our perspective, it was that to immediately rush to dismiss the appeal, absent service, was potentially premature. Maybe NICOR changes its mind. I don't know. Honestly, that's really the only reason why we didn't do that. So, I mean, I'm happy to address the issues in the argument. I'm happy to go through and explain why it was error to grant the Rule 224 petition in the first instance. And I'm happy to discuss the scope of what, from our perspective, NICOR was really going after. I'm happy to have that entire discussion. But if the court's inclined, based upon the records containing the supplemental record on appeal, to dismiss, because that's where we would ultimately move. We would file a motion upon service. We would file a motion. Had service occurred prior to the oral argument in this case, we would have filed a motion to dismiss the appeal and to vacate the order of the circuit court and dismiss the World County Proceedings as being non-justiciable because we were not at issue in Cook County. If the court is inclined that that would be the approach it would take, even absent service on their own American Water Company, then as much as I like my argument and I'm happy to talk, I don't see necessarily the need to spend the morning of the court's time, again, if that's the court's inclination. What's the response from the other side? Do you want to come up here? Why don't you both stand up? That would be great. Scott Green for NICOR Gas Company. And we do have a little bit more information that Mr. Hennessey has about the proceedings because we're obviously part of it. After the court in Will County entered the order granting the 224 petition, we were sued by two different plaintiffs. As the court knows, this involves an explosion in Homer Glen. There was personal injuries and property damage suffered. So we've got two suits. Both of them were recently consolidated in March in the circuit court of Cook County. We also, before we third-partied Illinois American Water, we filed a motion for intrastate form nonconvenience. If the court would like me to supplement the record with act pleading, I do have copies of that, and I can ask for permission orally to do that. We filed that. Do you have an objection to that? We have no objection to the supplementation of the record of any documents that would otherwise be within the court record. And I believe, actually, the documents to which counsel is referring are documents that were exhibits to the third-party complaint, but we had only obtained a courtesy copy of the complaint itself without the exhibits, so that's all we would have filed. So we have no objection to him supplementing the record with documents that were, in fact, exhibits to the very complaint that we supplemented the record with. I don't believe that this motion to transfer venue was part of that complaint, but it certainly is part of the record. If the court could take judicial notice, I could adopt Mr. Hennessey's argument in his motion to supplement the record and ask for this. So I don't know if the court would want me to do that or not. This is your copy. I don't believe the motion to transfer back to Will County is the incident that took place in Will County. So in any case, we filed a motion to transfer venue. Parties have exchanged written discovery. A lot of people have not answered written discovery, just limited to the form not convenience issue. The case was set for status last week I attended. The next status hearing is July 16th, and pretty much other than a couple of pleadings motions directed at a couple of counts of the two tort cases, that's exactly what's going on. We have not yet placed the third-party complaint for service. We plan to do that in the next week. So that's the current status. Will you keep us surprised of when that's going to be set for service or sent for service? And when you receive it? Yes. So just to clarify the one point, in the third-party complaint, which shows up on the record as C190, there is mention of the defendant filing a motion to transfer for non-conform non-convenience, and that the motions are attached as exhibits to the third-party complaint. So we have no objection to the supplementation of the record of things that would in fact have been exhibits in the very third-party complaint that we supplemented the record with. Would the court prefer me to tender this to the clerk when I step down? Very good. So, I mean, I guess what we would ask for, had we been served, we would ask that the appeal be dismissed and that we would ask that the order be vacated and that the Will County proceedings be dismissed. I have not studied the Form 9 convenience motion. I don't have service on my client. I'm not taking any positions with respect to the propriety or impropriety of anything. The only thing I would say is that to the extent that the forum motion is hinged upon the Will County court having jurisdiction by virtue of the Rule 224 petition, I would suggest that because it is the position of the Illinois American Water Company that the circuit court had no jurisdiction with respect to the Rule 224 petition, then, and again, having not read the Form 9 convenience motion, at least on its face, it would seem as though the Form 9 convenience motion may be, in fact, based upon a premise of jurisdiction, not to speak for counsel, a premise of jurisdiction that the Illinois American Water Company would contest was appropriate in the first place. But, again, we seek guidance from the court on how the court would like, on behalf of the Illinois American Water Company, for us to proceed in terms of the arguments with respect to the original August 9, 2017 decision of the circuit court or any of the proceedings thereafter. And if it's this court's preference that this entire matter, I guess, be tabled subject to the service and then the follow-on motion, which I represented to the court that I would have followed in the first place, a motion to dismiss, again, I seek guidance from the court on how they would like to proceed with this. That seems to be a sensible solution because, frankly, we will be asking, as part of our Form 9 convenience discovery, since really the subject of it was who may have struck our line in 1974 when Illinois American Water put the water main underneath our gas line, that's obviously relevant material to the Form 9 convenience decision. So, basically, this will be included, much of it will be included, perhaps not to the extent that it was included in the Will County Court, when we get to the Form 9 convenience issue and once Illinois American Water... I mean, you can see our concern. This might even be like an advisory opinion about something that has no real relevance because you'll be in a real lawsuit with real discovery rules and... The case law is very straightforward on this topic, that you can't... That's why it's discovery before suit. Once they're sued, rule 2-4 is just out. And so I absolutely agree that we got to the point once the personal injury lawsuit, the subrogation lawsuit were filed and then third-party action, that it short-circuited all the applicability of rule 2-4 in the first place. And the discovery would now proceed under the traditional Supreme Court rules under the supervision and direction of the circuit court trial judge handling the matter in that venue. The only bizarre wrinkle to it is that if the Form 9 convenience motion is granted, it may go back to the circuit court of Will County, although we have to go through the Form 9 convenience discovery in Cook County in the first place, and obviously it's a wide open season. It's not limited to the identity of potential defendants as in 2-24, so we have a lower burden of proof to establish our discovery anyway. Right. And again, I just go back to the one reservation that you struck with the word, that to the extent that the motion is premised upon the Will County court already having established jurisdiction over the matter by virtue of the rule 2-4 petition, that's the only way that I can see that the forum motion might be dependent upon the determination of this court, because if this court were to determine, ultimately though I understand your own position, in an advisory capacity, if this court were to determine that the Will County court didn't have jurisdiction to grant the rule 2-4 petition, that would undercut, if in fact that's one of the premises of the transfer. In all honesty, it's not one of the premises of the transfer. It's really location of witnesses, parties, and those parties to later be determined. My only concern is that we're going to change it. It should happen in the next couple of weeks. It will happen. It will be placed for service next week. They've changed the procedure in Cook County. You normally don't get a – you used to have to get an order to appoint a special process server. Now you just go online and you click a box, and that's what we've done. We've said we're going to serve with my special process server. You've gone online already and checked the box. Correct. Great. So – Just give us a notice of something. You're going to write a letter or something, right? I mean, we – Just telling us that you've been served in this manner. Right, and if the court would like at that point in time a simple one-page motion – To dismiss. Motion to dismiss based upon that issue, then we would immediately follow on. We could provide the notice. We could provide the motion. Because, again, that's all we would have done had we been served before today. Very good. And then you're not going to object to this motion to dismiss, I take it? I'm not the partner on the file, but I don't believe we – Why don't we do this? Right now we'll continue the oral argument and we'll continue it for the status because this part of it is going to be moved. And as soon as you get served, then there's a real – you know, a regular traditional lawsuit without regular discovery. And so we'll continue to a new date for a status hearing with everything that's going on. Because you can see where – And you start having questions about what's really going on. I understand completely. And so you'll get a new date with a new status, and then once you find out that someone's been served and so forth, then this matter is totally rendered. And in the motion to dismiss, then Mr. Hennessey should probably ask to strike that date. Yes. And if something happens, then we get to come back here, and then I get to deliver. It was a really good argument. Right. I know you were both prepared. We were both prepared, absolutely. But you can see why I truncated that argument to see what's going on. Understood. Very good. I appreciate it, Your Honor. Thank you both. Thank you very much. Thank you. And you'll get the notices in the mail. Yes. Thank you. Thank you. Now we'll take a recess for the panel.